Bar Docket No. 10087

In the Matter of Steven R. Zieber, *Respondent.*

(808 P.2d 433)

From May 16, 1989, through May 9, 1990, 15 separate complaints were filed against respondent. The complaints generally alleged neglecting clients' interests, failing to adequately communicate with clients, failing to perform legal services for which retainers had been paid, abandoning clients, and converting to respondent's own use his clients' funds.

Following investigation, five cases were set for hearing before a panel of the Kansas Board for Discipline of Attorneys on December 6, 1989. On December 7, 1989, respondent filed a petition for voluntary transfer to disability inactive status.

On December 18, 1989, this court placed respondent on disability inactive status and directed that he "submit to an examination by a qualified medical expert."

Respondent has failed to respond to the disciplinary administrator's attempts to schedule respondent for evaluation by a medical doctor as directed by this court. Respondent has failed to inform this court, the disciplinary administrator's office, or his attorney of his whereabouts for over a year. Respondent has failed to continue receiving any treatment or counseling from his psychologist.

In October and November 1990, the disciplinary administrator attempted, unsuccessfully, to contact respondent. On December 6, 1990, the disciplinary administrator filed a motion for an order to show cause why respondent should not be disbarred for his failure to comply with the court's order of December 15, 1989.

On January 4, 1991, this court ordered respondent and his counsel of record, Kevin P. Moriarty, to appear before this court on March 1, 1991, at 9:30 a.m., to show cause, if any, why respondent should not be disbarred from the practice of law in the State of Kansas.

On March 1, 1991, counsel Moriarty appeared before this court; respondent failed to appear. Counsel Moriarty informed the court that he believed respondent to be in California, that he was sure

respondent was aware of these proceedings, and that it has been one year since he last had contact with respondent.

The court, being fully advised and having reviewed the record, finds that the facts alleged in the complaints, if true, would constitute grounds for disbarment. The court further finds that respondent has failed to show cause why he should not be disbarred for his failure to abide by the order of this court as entered on December 15, 1989.

IT IS THEREFORE ORDERED that Steven R. Zieber be and he is hereby disbarred from the practice of law in the State of Kansas and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Steven R. Zieber from the roll of attorneys licensed to practice law in the State of Kansas and that respondent shall forthwith comply with Supreme Court Rule 218 (1990 Kan. Ct. R. Annot. 155).

IT IS FURTHER ORDERED that the costs of this proceeding be assessed to the respondent, and that this order be published in the official Kansas Reports.

Effective this 12th day of April, 1991.